OCT 16 2025 PM 2:22
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:25-cr-498-JLB-AEP

18 U.S.C. § 875(c)
(Interstate Threat to injure)

GEORGE RUSSELL ISBELL, JR.

18 U.S.C. § 876(c)
(Mailing Threatening Communications)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Interstate Threat to injure)

On or about September 18, 2025, in the Middle District of Florida, and elsewhere, the defendant,

GEORGE RUSSELL ISBELL, JR.,

did knowingly transmit, in interstate commerce, a communication containing a threat to injure the person of another, that is, VICTIM 1, with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence.

In violation of 18 U.S.C. § 875(c).

## COUNT TWO
### (Mailing Threatening Communications)

On or about September 18, 2025, in the Middle District of Florida, and elsewhere, the defendant,

GEORGE RUSSELL ISBELL, JR.,

knowingly did deposit in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and caused to be delivered by the United States Postal Service according to the directions thereon, a communication addressed to VICTIM 1, which contained a threat to injure VICTIM 1, with the intent to communicate a true threat of violence, and with recklessness as to whether the communication would be viewed as a true threat of violence.

In violation of 18 U.S.C. § 876(c).

## **FORFEITURE**

1.  The allegations contained in Count One is incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 875(c), the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Joseph H. Wheeler, III
Special Assistant United States Attorney

By: _____
Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section

FORM OBD-34
October 25

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### GEORGE RUSSELL ISBELL, JR.

## INDICTMENT

Violations: 18 U.S.C. § 875(c) and 18 U.S.C. § 876(c)

A true bill

_____
Foreperson

Filed in open court this 16th day

of October, 2025.

_C. Reaves_____
Clerk

Bail $_____

GPO 863 525