UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:25-cr-498-JLB-AEP

GEORGE RUSSELL ISBELL, JR.

**GOVERNMENT RESPONSE TO DEFENDANT GEORGE RUSSELL ISBELL'S MOTION FOR DISTRICT COURT REVIEW OF THE MAGISTRATE JUDGE'S DENTENTION ORDER AND REQUEST FOR PRETRIAL RELEASE**

The United States, through undersigned counsel, hereby respectfully submits the following response in opposition to the Defendant's Motion for District Court Review of the Magistrate Judge's Detention Order and Pretrial Release.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about September 18, 2025, ISBELL took a threatening letter (*See* Doc. 1., page 5, Case 8:25-mj-03195-LSG) that he had drafted and redrafted and mailed it through the United States Mail to VICTIM 1's business address.

On or about September 24, 2025, VICTIM 1's wife opened the letter from ISBELL and contacted the Tampa Police Department (TPD). TPD worked with the Federal Bureau of Investigation, the United States Postal Inspection Service (USPIS) and the Florida Department of Law Enforcement

(FDLE) to identify ISBELL through Letter Mail Tracking and Fingerprint analysis.

On October 3, 2025, a Complaint and Arrest Warrant were approved by Magistrate Judge Lindsey Griffin (Doc. 1., Case 8:25-mj-03195-LSG). ISBELL was arrested in San Diego, California on October 8, 2025 (Doc. 7).

A search of ISBELL's residence pursuant to a search warrant was conducted on October 8, 2025.  In his residence, law enforcement found an earlier version of the letter that had been mailed to VICTIM 1 as well as multiple other threatening and demeaning letters, notes, and documents. Many of these documents appeared ready to mail.

A detention hearing was held on October 10, 2025 before Magistrate Judge Steve B. Chu in the Southern District of California. The Court ordered the defendant detained based on the danger to the community (Doc. 5).

On October 16, 2025, a grand jury in the Middle District of Florida returned an indictment charging ISBELL with one count of Mailing Threatening Communications in violation of 18 U.S.C. (Doc. 1).

On October 30, 2025, an Identity and Removal hearing was held before Magistrate Judge Steve B. Chu in the Southern District of California (Doc. 5). The Court found ISBELL to be the person listed in the arrest warrant and a Warrant of Removal was issued on November 6, 2025 (Doc. 5).

On November 26, 2025, ISBELL was arraigned in the Middle District of Florida (Doc. 14).

Trial in this case is set for the February trial term beginning February 2, 2026.

## II. ARGUMENT

The Government relies on and adopts the arguments previously made at the Detention Hearing in California (Doc. 17-3(transcript of detention hearing)).

There has been no change since the time of the detention hearing regarding the danger that ISBELL poses to others, except that ISBELL is now located in the same geographical area where VICTIM 1 and his family live. The crimes charged in the indictment are crimes of violence as defined by 18 U.S.C. §16(a): "The term 'crime of violence' means—(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . ."

In addition to his commission of the instant crime, at the time of arrest, ISBELL had letters and written communications that threatened harm to government officials or public figures or their relatives. In addition, multiple envelopes addressed to sitting Members of Congress were found in his

residence. At least one of the documents referenced the names belonging to children or grandchildren of one particular U.S. Senator.

Even if ISBELL was placed on house arrest, he would still be able to carry out similar crimes of violence by threatening physical harm to others.

In its motion, the defense cites to *Counterman v. Colorado (*Doc. 17). In that case, Justice Kagan discusses the harm that true threats cause—"[t]rue threats subject individuals to 'fear of violence' and to the many kinds of 'disruption that fear engenders.'" *Counterman v. Colorado*, 600 U.S. 66, 74 (2023)(citing to *Virginia v. Black*, 538 U.S. 343, 359 (2003)).

There is no condition or combination of conditions that could reasonably assure the safety of others whom ISBELL targets. Mailing threats to his potential victims would be possible no matter how restrictive of conditions the Court were to impose.

Should the Court be inclined to hold a second detention hearing, the Government respectfully requests that notice be sent out far enough in advance for the victim to be notified so that he may attend and be heard on this matter. *See* 18 U.S.C. § 3771(a)(4) ("The crime victim has the following rights: . . . (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceedings.")

### III.     CONCLUSION

For the reasons set forth above, this Court should deny the Defendant's Motion for Release. However, should the Court choose to hold a hearing, the Court should ensure that notice of such hearing is set far enough in advance for the victim to be notified and to exercise his rights under the Crime Victim Rights Act.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    */s/ Joseph H. Wheeler, III*
       Joseph H. Wheeler, III
       Special Assistant U.S. Attorney
       Florida Bar No. 87451
       400 N. Tampa St., Ste. 3200
       Tampa, FL 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: Joseph.Wheeler2@usdoj.gov